United States District Court
Southern District of Texas
**ENTERED**
December 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JACK COMBS,<br>    *Plaintiff*,<br><br>v.<br><br>ADAM SALVADOR ROSALES, ET AL,<br>    *Defendants*. | Case No. 4:25-cv-04767 |

### JUDGE DENA PALERMO'S
### REPORT AND RECOMMENDATION

This is a *pro se* mortgage foreclosure action. ECF No. 1. Plaintiff asserts federal question jurisdiction as the basis for subject matter jurisdiction. ECF No. 1 at 3. Plaintiff asserts that improper mortgage company procedures, including servicing and "improper noticing," led to a denial of his due process and other constitutional rights. ECF No. 1 at 5. Plaintiff raises fraud, negligence, and misrepresentation as causes of action. ECF No. 1 at 5.

Although no party contested subject matter jurisdiction, the Court has an independent obligation to determine subject matter jurisdiction. *See Benton v. Tex. Dep't of Criminal Justice*, No. 4:24-CV-0112, 2024 WL 3237543, at *1 (S.D. Tex. May 23, 2024), *adopted*, No. 4:24-CV-00112, 2024 WL 3246071 (S.D. Tex. June 26, 2024) ("Federal courts have an affirmative duty to examine *sua sponte* the basis for subject matter jurisdiction.") (citing *Union Planters Bank Nat. Assn. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)). Concerned it lacked subject matter jurisdiction, the

Court entered a show cause order and ordered Plaintiff to demonstrate how the Court has subject matter jurisdiction over his claims by November 18, 2025. ECF No. 10. Plaintiff failed to respond to the Court's order, which in and of itself is ground for dismissal. *See* Fed. R. Civ. P. 41.

Based on the Court's independent review, it lacks subject matter jurisdiction over the instant case. As an initial matter, Plaintiff's pleading alleges that Plaintiff and Defendants are citizens of Texas, and therefore, fails to establish diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1 at 1–2.

Plaintiff's pleading also fails to establish a basis for federal subject matter jurisdiction under either 28 U.S.C. § 1331. "Federal question jurisdiction under 28 U.S.C. § 1331 'exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."'" *Fisher v. Harmony Pub. Sch.*, No. 5:23-CV-183-H-BQ, 2023 WL 9102235, at *3 (N.D. Tex. Oct. 30, 2023), *adopted*, No. 5:23-CV-183-H-BQ, 2024 WL 56320 (N.D. Tex. Jan. 4, 2024) (quoting *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *Id.* (quoting *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam)). Plaintiff's claims and injuries typically arise under Texas state law, and his vague and conclusory allusions to violations of his

constitutional rights are insufficient to raise a federal question. *See Fisher*, 2023 WL 9102235, at *3; *Blackburn v. Lubbock FBI*, No. 5:23-CV-161-H-BQ, 2023 WL 6139457, at *4 (N.D. Tex. Aug. 23, 2023), *adopted*, No. 5:23-CV-161-H-BQ, 2023 WL 6444257 (N.D. Tex. Oct. 3, 2023).

There is no basis for the Court to exercise subject matter jurisdiction over this case. Plaintiff's claims should be *sua sponte* dismissed. *See Benton*, 2024 WL 3237543, at *1 ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") (quoting Fed. R. Civ. P. 12(h)(3)).

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, **863 F.3d 353, 358 (5th Cir. 2017).**

Signed on December 2, 2025, at Houston, Texas.

                                             _____
                                                   **Dena Hanovice Palermo**
                                                **United States Magistrate Judge**